IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONAS ROBERT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-1614 |
| | ) | |
| vs. | ) | |
| | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| BRIAN COLEMAN, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

I. **RECOMMENDATION**

It is respectfully recommended that Defendant's Motion to Dismiss be granted on the basis that this Court's Order granting the Plaintiff's motion to proceed *in forma pauperis* (ECF No. 3) was entered in error and should be vacated, that the Plaintiff's motion to proceed in forma pauperis be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed for the Plaintiff's failure to pay the filing fee, with the right of the Plaintiff to reopen by paying the full $350.00 filing fee within twenty (20) days.

II. **REPORT**

On December 3, 2010, Plaintiff, Jonas Robert, a prisoner presently confined at the State Correctional Institution at Fayette, Pennsylvania, commenced the present action against Brian Coleman, Superintendent at SCI-Fayette. On February 9, 2011, this Court granted the Plaintiff's Motion to Proceed *In Forma Pauperis* (IFP) in the current action (ECF No. 3). Subsequently, this Court discovered that Plaintiff has had at least three prior actions dismissed on the grounds that they were frivolous or failed to state a claim upon which relief may be granted.

Consequently, this Court is required to review the Plaintiff's action under the new directive in 28 U.S.C. § 1915(g), that was passed as part of the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996).

In this regard, in the PLRA, Congress adopted a new section known as the "three strikes rule," codified at 28 U.S.C. § 1915(g), which provides as follows.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (as amended).

Under the three strikes rule, a prisoner who, on three or more prior occasions while incarcerated, has filed an action in a federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied IFP status unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Court records indicate that the Plaintiff has had three prior actions dismissed either as frivolous or for failure to state a claim upon which relief may be granted.

The first strike is <u>Jonas Roberts v. District Attorney's Office</u>, No. 4:06-cv-1828 (M.D. Pa., ECF No. 13, Report, recommending pre-service dismissal of the suit for failure to state a claim upon which relief can be granted, and ECF No. 15, order adopting report, filed 1/3/2007). The second strike is <u>Jonas Roberts v. C/O Hassack</u>, No. 10-735 (W.D. Pa. ECF No. 18, Report recommending motion to dismiss complaint be granted for failure to state a claim upon which relief can be granted, and ECF No. 19 order adopting Report). The third strike is <u>Jonas Robert v. Brian Coleman</u>, No. 10-cv-759 (W.D. Pa., ECF No. 20, Report recommending that the motion to

dismiss complaint be granted for failure to state a claim upon which relief can be granted, and ECF No. 22, order adopting Report, filed 11/17/2010).

Thus, at the time Plaintiff filed this suit, which the Court deems to be December 1, 2010, the date on which Plaintiff signed his complaint, he had already accumulated three strikes. *See* Lopez v. U.S. Dept. of Justice, 228 Fed. App'x 218, 218 (3d Cir. 2007) ("By its terms, § 1915(g) governs only the circumstances under which a prisoner may 'bring' a civil action *in forma pauperis*, which means that its impact must be assessed at the time a prisoner files his or her complaint. Thus, only the strikes actually earned up to that time [i.e., at the time of the filing of the new case] are relevant.") (citations omitted).

Although the Plaintiff has had at least three previous "strikes," he may be entitled to proceed in forma pauperis under the "imminent danger" exception to the three strikes rule. To satisfy the imminent danger element, the Plaintiff must allege facts showing that he was in imminent danger at the time the complaint was filed; allegations that the prisoner has faced imminent danger in the past are insufficient to trigger the exception to section 1915(g). *See* Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001) (overruling Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997)). In making this determination, the court should construe all allegations in a complaint in favor of the plaintiff. Gibbs v. Cross, 160 F.3d 962, 965 (3d Cir. 1998); Gibbs v. Roman, 116 F.3d at 86. The Court of Appeals for the Third Circuit has instructed that:

> "[i]mminent" dangers are those dangers which are about to occur at any moment or are impending. By using the term "imminent," Congress indicated that it wanted to include a safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred. The imminent danger exception allows the district court to permit an otherwise barred prisoner to file a complaint I.F.P. if the prisoner could be subject to serious physical injury and does not then have the requisite filing fee.

Abdul-Akbar, 239 F.3d at 315 (internal citation omitted).

A review of the Plaintiff's allegations fail to indicate any imminent danger of physical injury caused by Defendant's alleged misconduct when the action was filed. Accordingly, the Plaintiff's motion to proceed IFP should not have been granted under the three strikes rule in 28 U.S.C. § 1915(g).[1]

III. **CONCLUSION**

Based on the discussion above, it is respectfully recommended that Defendant's Motion to Dismiss be granted on the basis that this Court's Order granting the Plaintiff's motion to proceed in forma pauperis (ECF No. 3) was entered in error and should be vacated and that the Plaintiff's motion to proceed in forma pauperis be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed for Plaintiff's failure to pay the filing fee, with the right of Plaintiff to reopen by paying the full $350.00 filing fee within twenty (20) days.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

November 7, 2011

Lisa Pupo Lenihan
Chief U.S. Magistrate Judge

cc: **JONAS ROBERT**
JA-4708
SCI Fayette
Box 9999

---

[1] It is noted by the Court that the docket entries in this action do not show that any partial filing fees have been received for this action. Thus, no monies need to be refunded when the Order is vacated.

50 Overlook Drive
LaBelle, PA 15450-1050